IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10-cr-145-MEF |
| | ) | |
| JOHN D. MANRY | ) | |

**PROFFER OF AND NOTICE
OF INTENT TO USE 404(b) EVIDENCE**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and notices its intent to introduce evidence of other crimes, wrongs, and acts committed by the defendant, John D. Manry (Manry). The below-listed acts meet the standard set forth in United States v. Beechum, 582 F.2d 898 (5th Cir. 1978). As grounds, the United States sets forth the extrinsic evidence and the law as follows:

THE ACTS

Manry is charged with possession with intent to distribute controlled substances. The United States expects the defendant to argue lack of intent to distribute the drugs Manry possessed on January 21, 2010. Consequently, at the trial of this case, the Government intends to offer some or all of the following evidence in its case-in-chief, during cross examination or impeachment of defense witnesses, or in a rebuttal case:[1]

1) During the years 2001 through 2003, John Tierce sold methamphetamine to Manry. Tierce would "front" or sell methamphetamine to Manry in "eight ball" or 3.5 grams increments for $250.00. Manry would return within a day or two after receiving the

---

[1] The Government expects to supplement this notice with additional other crimes, wrongs, and acts committed by Manry prior to trial. Notice of these other crimes, wrongs, and acts has been provided already to defense counsel.

      methamphetamine from Tierce with payment. Tierce estimates that he "fronted" methamphetamine to Manry on five to ten occasions. Manry and Tierce also would use methamphetamine.

2)      In December 2004, following a traffic stop, Manry's vehicle was searched. Law enforcement located three firearms, zip lock bags, pocket digital scales, methamphetamine, pills, and $1,044.00 on his person. Manry admitted he carried the firearms for protection from those who might rob him of his narcotics or proceeds. These facts supported Manry's plea to a violation of 18 U.S.C. § 924(c)(1), which, in turn, required Manry to admit these facts establish that he committed a felony drug offense (distribution of methamphetamine and possession with intent to distribute), in case number 2:05-cr-36-WHA. Indictment (Doc. #1); Plea Agreement (Doc. #23).

This evidence rebuts any defense argument minimizing defendant's intent to distribute the controlled substances charged in the instant case. It also may be used to prove the defendant's preparation, plan and/or the absence of mistake or accident.

## THE RULE

Rule 404(b), Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Such evidence is not admitted automatically; the trial court must determine whether the probative value of such evidence is outweighed by the danger of unfair prejudice. Furthermore, the standard of admissibility varies depending upon the purpose for which the evidence is offered. For example, other acts may be admissible for one purpose (such as intent), but may not meet the standard of admissibility if offered for another purpose (such as identity). United States v. Beechum, 582 F.2d 989 (5th Cir. 1978).

INTENT

The en banc decision United States v. Beechum, 582 F.2d 898 (5th Cir. 1978), sets forth the requirements for admissibility of other acts evidence in the Fifth and Eleventh Circuits.  A two-step analysis is used to determine admissibility:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character.  Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

Beechum, at 911.  This two-part analysis involves several separate inquiries, both into the issue sought to be proved and into the nature of the extrinsic offense evidence offered.

The standard set forth in Beechum has been developed further in the Eleventh Circuit's decision in United States v. Simon, 839 F.2d 1461, 1471 (11th Cir.) cert. denied, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988).  Under Simon, the government is required to demonstrate:

> (1) a proper purpose for introducing the evidence, (2) that the prior act occurred and that the defendant was the actor, and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have.

Simon, as cited in United States v. Perez-Garcia, No. 88-6159, slip op. at 3627, 3638 (11th Cir. July 10, 1990).  Except for the second element listed in Simon, the Simon elements are identical to the elements set forth in Beechum.  A close examination of Beechum and Simon reveals that the first two elements of Simon are simply a more detailed breakdown of the first element of Beechum.

Under Beechum and Simon, the first inquiry is into relevancy.  Relevancy is defined as "'any tendency to make the existence of any fact that is of consequence to the determination of the action

3

more probable or less probable than it would be without the evidence.'" Beechum, at 911. Initially, then, the question is whether intent is an issue.

Based upon information and belief, the United States expects the defendant to argue that he had no intent to possess the controlled substances discovered in this case. Consequently, Manry's narcotics purchases in which he was "fronted" narcotics (because he could not pay for them) and criminal act of possessed methamphetamine and a sum of cash with the intent to distribute the narcotics are proper 404(b) evidence establishing his intent to distribute the controlled substances charged in the instant indictment.

Furthermore, after intent is recognized as a relevant issue, the next question is whether the other act evidence offered by the government is also relevant.

> Where the evidence sought to be introduced is an extrinsic offense, its relevance is a function of its similarity to the offense charged. In this regard, however, similarity means more than that the extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, "a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand." [Cite omitted].

Beechum, at 911. The question is not whether the other act is similar to the criminal act being tried. Rather, the question is whether the intent required in the other act is similar to the intent required in the criminal act being tried.

In 2001 through 2003, Manry possessed narcotics that he could not pay for initially, but could do so a day or so later; these acts require the intent to possess controlled substances. In 2005, he admitted to possessing methamphetamine with the intent to distribute that substance. Indeed, possession with intent to distribute controlled substances on any occasion requires the same intent.

Thus, the requisite mental state for the current charge and defendant's other bad acts are similar or the same. See United States v. Matthews, 431 F.3d 1296, 1310-1312 (11th Cir. 2005) (approving admissibility of prior drug incident that occurred eight years prior to commencement of drug conspiracy that was the subject of the indictment).

Once the government establishes that the other acts evidence is relevant, that is, that the other acts evidence is probative of a disputed issue, the next step is to show that the proffered other acts were, in fact, committed. The "task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant, in fact, committed the extrinsic offense." Beechum, at 913.

> The judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense, nor need he require the Government to come forward with clear and convincing proof. [Footnote omitted]. The standard for the admissibility of extrinsic offense evidence is that of rule 104(b): "the preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist." [Cite omitted].

Beechum, at 913. As with the other aspects of the Beechum analysis, the Eleventh Circuit has adopted this easy burden of proof concerning the other acts. The second element of Simon deals with the government's responsibility to establish that the extrinsic act occurred and the standard of proof the government is required to meet. With regard to the standard of proof, Perez-Garcia states:

> We have held that the defendant's commission of the extrinsic offense need not be proven beyond a reasonable doubt or even by clear and convincing evidence. United States v. Astling, 733 F.2d 1446, 1457 (11th Cir. 1984). It is sufficient if the jury could reasonably find from the evidence that the defendant committed the offense.

Perez-Garcia, at slip opinion p. 3639. In United States v. Terebecki, 692 F.2d 1345 (11th Cir. 1982), the Court observed that the testimony of one witness concerning the extrinsic offense was sufficient to meet the Beechum standard of proof. Terebecki, at 1349.

In the instant case, the government will prove the other acts through Tierce and the admission of a certified copy of Manry's plea agreement. Tierce personally negotiated drug transactions with Manry on at least five occasions. Manry's plea agreement contains his signature and admissions that he possessed methamphetamine with the intent to distribute while carrying firearms. Clearly, this evidence will be sufficient to meet the Beechum, Terebecki and Perez-Garcia standard of proof of extrinsic acts.

Since the defendant's intent to possess the controlled substances in this case is an issue, the Government submits that the first step of the Beechum analysis and the first two steps of the Simon analysis are established. However:

> Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, . . . we turn to the second step of the analysis required by rule 404(b), whether the evidence satisfied rule 403.

Beechum, at 913.

The principal determination to be made in the second step in Beechum (which is the third step in Simon) is whether the probative value of the extrinsic evidence is substantially outweighed by any danger of unfair prejudice.

> Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation or inference. [Footnote omitted]. It is the incremental probity of the

> evidence that is to be balanced against its potential for undue prejudice . . . If the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential . . .

Beechum, at 914. If, on the other hand, intent is disputed, the probative value of extrinsic offenses involving the same intent element is very high. Id.

In this case, defendant's intent to distribute controlled substances is a critical issue. As such, the probative value of defendant's drug negotiations and the circumstances surrounding his prior possession of methamphetamine with the intent to distribute are very high. Indeed, when lack of intent to distribute controlled substances is argued, courts have recognized the inherent value of similar acts evidence. According to law, in drug cases, a defendant's prior (or subsequent) drug trafficking offense will generally be admissible to prove that he acted with the requisite intent in connection with the charged offense. See United States v. Edouard, 485 F.3d 1324, 1344-1345 (11th Cir. 2007); United States v. Dickerson, 248 F.3d 1036 (11th Cir. 2001); United States v. Cardenas, 895 F.2d 1338 (11th Cir. 1990); United States v. Zapata, 139 F.3d 1355 (11th Cir. 1998).

In addition, another factor in evaluating probative value is, "the overall similarity of the extrinsic and charged offenses." Beechum, at 915. If there is little similarity other than intent, then the probative value may be low. For example, if a defendant is charged with stealing an automobile and the extrinsic offense offered is that he had, on another occasion, embezzled bank funds, then the probative value of the extrinsic offense is lower than if the extrinsic offense was also the theft of an automobile.

In this case, there is no question of the requisite similarity. Indeed, the acts supporting Manry's plea from 2005 and the acts involved in purchasing drugs on a "fronted" basis are either

exactly the same or sufficiently similar. One involves possession with intent to distribute a controlled substance, while the other involves the negotiation of drug transactions. Cited below are cases that compare the similarity between the charged offense and the prior bad acts. If the cases cited below are sufficiently similar, then the drug offenses in the instant case are undoubtedly similar enough.

In <u>United States v. Jenkins</u>, 785 F.2d 1387, 1395 (9th Cir. 1986), one of the defendants was charged with engaging in a scheme to obtain, by fraudulent means, financing insured by the Federal Housing Administration. The Ninth Circuit held that the district court properly admitted 404(b) evidence that approximately one year before the charged offense this particular defendant had obtained conventional loans through fraudulent means.

In <u>United States v. Tullos</u>, 868 F.2d 689 (5th Cir. 1989), the defendants were convicted of making false entries in certain bank books, willful misapplication of the bank's funds, and conspiracy to make false entries and misapply funds. One of the convicted defendants was the bank's attorney. He claimed that he had never knowingly submitted false closing statements to the bank. The prosecutor offered evidence that the bank's attorney had issued duplicate bills to the bank for his services. In other words, the attorney-defendant sent the bank one bill which contained a higher charge for his services, and gave his own law firm a different bill showing a lower charge for the same services. By doing this, the attorney-defendant concealed from his law firm the true amount of his fee. The Fifth Circuit held that since the attorney-defendant had offered the defense of mistake and lack of fraudulent intent, this extrinsic act evidence regarding the fraudulent billing was properly admitted under 404(b).

A final measure of the probative value of the extrinsic evidence is the closeness in time of the other acts to the offenses charged. "[T]emporal remoteness deprecates the probity of the extrinsic offense." Beechum, at 915. Intent at the time of the charged offense is the issue for the jury. Here, the extrinsic act occurred between five and nine years from the charged offense (however, Manry was incarcerated for five of these years). In United States v. Salery, 830 F. Supp. 596 (M.D. Ala. 1993), the Court admitted extrinsic act evidence that occurred four years before the charged offense. Id. at 599. The District Court observed that "'decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value.'" Id. (quoting United States v. Pollock, 926 F.2d 1044, 1048 (11th Cir.) (holding that a five-year old drug conviction is probative of a defendant's state of mind in a drug conspiracy case), cert. denied, 502 U.S. 985, 112 S. Ct. 593, 116 L. Ed.2d 617 (1991)); see also United States v. Matthews, 431 F.3d at 1310-1312 (approving admissibility of prior drug incident that occurred eight years prior to commencement of drug conspiracy that was the subject of the indictment).

The government submits that each aspect of the Beechum test shows that the extrinsic evidence proffered by the government should be admitted. Furthermore, a balancing of the probative value of the evidence shows that it is not substantially outweighed by Rule 403 considerations.

First, the extrinsic evidence, "is not of a heinous nature; it would hardly incite the jury to irrational decision by its force on human emotion." Beechum, at 917. Furthermore, the proffered evidence will not confuse the issues, mislead the jury, or waste time. The Court can and should instruct the jury as to the proper use of the evidence by the jury. Indeed, such limiting instructions have been approved and recommended by the Fifth Circuit, Beechum at 917, as well as the United

States Supreme Court.  Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

## CONCLUSION

On the basis of United States v. Simon, 839 F.2d 1461 (11th Cir.) cert. denied, 488 U.S. 861, 109 S. Ct. 158, 102 L. Ed. 2d 129 (1988), and United States v. Beechum, 582 F.2d 898 (5th Cir. 1978), the Government respectfully requests that the Court admit the above extrinsic act evidence at the trial of this case.

Respectfully submitted this 18th day of October, 2010.

                                      LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      */s/ Monica A. Stump*
                                      MONICA A. STUMP
                                      Assistant United States Attorney
                                      131 Clayton Street
                                      Montgomery, AL  36104-3429
                                      Tel: (334) 223-7280
                                      Fax: (334) 223-7135
                                      Email: monica.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10-cr-145-MEF |
| | ) | |
| JOHN D. MANRY | ) | |

CERTIFICATE OF SERVICE

     I, Monica A. Stump, Assistant United States Attorney, hereby certify that on this 18th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Andrew Skier, Esq., counsel for Defendant John D. Manry.

                                            Respectfully submitted,

                                            */s/ Monica A. Stump*
                                            MONICA A. STUMP
                                            Assistant United States Attorney
                                            131 Clayton Street
                                            Montgomery, AL  36104-3429
                                            Tel: (334) 223-7280
                                            Fax: (334) 223-7135
                                            Email: monica.stump@usdoj.gov