IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10-cr-145-MEF |
| | ) | |
| JOHN D. MANRY | ) | |

BRIEF IN SUPPORT OF ADMISSION OF MANRY'S
UNEXPLAINED WEALTH

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this brief in support of evidence establishing unexplained wealth. As grounds, the United States sets forth the facts and law as follows:

FACTS

Defendant John D. Manry (Manry) began serving a three-year term of supervised release in April 2009. In early January 2005, Special Agent Thomas Halasz (hereinafter SA Halasz) with the Drug Enforcement Administration (DEA) received information that methamphetamine recently had been manufactured in Montgomery and that Manry was present at the time. SA Halasz contacted United States Probation Officer Larry Turner, who supervised Manry, to share this information. On January 21, 2010, Manry reported to the United States Probation Office for the Middle District of Alabama in Montgomery, Alabama for drug testing. Manry provided a sample that appeared adulterated to Senior United States Probation Office Alfred Lancaster (hereinafter SPO Lancaster). SPO Lancaster drug tested the sample. The test revealed a positive result for amphetamine and

1

methamphetamine. SPO Lancaster questioned Manry about the sample, and Manry admitted to using methamphetamine two days prior to the test. SPO Lancaster observed Manry and noted that his pupils appeared somewhat dilated and he was agitated. SPO Lancaster referred Manry to Officer Turner, who talked with Manry. Officer Turner then spoke to his supervisors, and they gave Officer Turner permission to search Manry's car. SPO Lancaster, Officer Turner, and a supervisor accompanied Manry to his car.

Upon approaching the vehicle, the probation officers found a man named John Davis inside and later released him. SPO Lancaster searched inside the car and found an empty Newport cigarette box containing a clear plastic bag inside the center dash console. SPO Lancaster removed the plastic bag; it contained several crystal like rocks, which he believed were methamphetamine. SPO Lancaster confronted Manry. He admitted the drugs belonged to him. Detectives with the Montgomery Police Department were called to the scene, and they estimated that the crystal like rocks weighed between ten and fifteen grams. A toxicologist with DEA confirmed the crystal like rocks were indeed methamphetamine with a net weight of 10.7 grams.

Additionally, SPO Lancaster discovered over twelve hundred dollars cash ($1,200.00) in the center seat console of Manry's vehicle. According to the Alabama Department of Industrial Relations, Manry earned $2085.79 during the second quarter (April through June) 2009. Manry has no record of income for the third and fourth quarters 2009 (July through December).[1] Manry filed nine monthly supervision reports with his probation officer from April through December 2009. On seven reports, he indicated monthly net earnings or cash inflows ranging from $215.00 to

---

[1] The Government observes that the department reports income for Manry in the first quarter 2009. Manry was incarcerated during this time.

$836.00 a month. On four of those seven reports, Manry represented that his monthly cash outflow or expenses ranged from $400.00 to $600.00 per month; the other three were blank.[2] Manry also reported having zero net earnings in July and August 2009 and reported zero or left blank his expenses.

## ANALYSIS

I.   UNEXPLAINED WEALTH

On January 21, 2010, Manry was found with in excess of $1,200.00 in his car. According to the State of Alabama, Manry has no record of income for the months July through December 2009, and, based on his supervision reports overall, had little to no excess cash from April through December 2009. Manry is charged with possession with intent to distribute controlled substances. According to established law, these facts create a permissible inference that Manry's wealth was derived from illicit activities.

Evidence of unexplained wealth can be highly probative if the wealth creates a reasonable inference of the defendant's involvement in a drug conspiracy or drug trafficking. E.g., United States v. Patterson, 819 F.2d 1495, 1501 (9th Cir. 1991); United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir. 1986). Importantly, the Eleventh Circuit has approved evidence of unexplained wealth in cases similar to the one at bar. For example, in United States v. Stubbs, 944 F.2d 828 (11th Cir. 1991), the government offered evidence that the defendant was unemployed and earned money selling marijuana. See Stubbs at 835-836. The defense objected under Rule 404(b) of the

---

[2] The Government points out that Manry reported a total of approximately $3,200.00 in net earnings or cash inflows on his supervision reports. He also reported approximately $2,000.00 in outflow costs or expenses, but that sum only cover four months out of nine. Manry claimed zero or left blank the cash outflow or expenses portion of his other five reports.

Federal Rules of Evidence. The trial court overruled the objection finding testimony of defendant's unexplained wealth as independently relevant to the issue of defendant's intent to distribute the narcotics. See id. at 836. The Eleventh Circuit held that the trial judge was well within his discretion in admitting the challenged testimony. See id.

Likewise, in United States v. Terzado-Madruga, 897 F.2d 1099 (11th Cir. 1990), the government, in a drug case, elicited evidence that the defendant had a large gold bracelet, thick gold chains, several rings, a luxury car, and claimed to be worth two or three million dollars. See Terzado-Madruga at 1120. On appeal, the Eleventh Circuit acknowledged that the presence of unexplained wealth can be relevant in drug cases. However, because the government failed to show the absence of legitimate sources of income, the probative value was minimal. See id. Nevertheless, the Eleventh Circuit noted that if the government had shown "that appellant's expenditures exceeded his reported earnings by introducing into evidence his tax returns for the years covered by the indictment, [the government would then have created] a permissible inference that such wealth was derived from illicit activities." See id. at 1120.

Finally, in United States v. Carrera, 295 F.3d 818 (7th Cir. 2001), the government admitted evidence that the defendant was arrested with $928 in cash and receipts for purchases totaling approximately $2500. See Carrera at 828. Defendant objected that the evidence was irrelevant and confusing. On appeal, the Seventh Circuit upheld the evidence noting that "expensive trips, gambling, and other instances of free spending and high living may be pertinent to crimes involving a motive of enrichment." See Carrera at 829 (citing United States v. Kwitek, 467 F.2d 1222, 1225 (7th Cir. 1972)). Furthermore, according to the Seventh Circuit, "evidence of unexplained wealth is admissible in drug cases as long as: (1) the evidence presented creates an inference that the

defendant was involved in drug trafficking; (2) the unexplained wealth was acquired during the period in which the drug crime allegedly occurred and; (3) the government presents other evidence to support the charge including evidence that the income was not obtained through legitimate means." See Carrera at 829 (citing United States v. Penny, 60 F.3d 1257, 1263 (7th Cir. 1995)).

Applying established law to these facts, evidence of Manry's unexplained wealth is highly probative and admissible. The evidence should be admitted because Manry is charged with a drug trafficking crime, a large amount of cash was found in his car the same day controlled substances were also found in his car, and wage records reveal little to no excess cash was available to Manry during the months April through December 2009, indicating Manry had no legitimate source of income during that time period.

## II.     OTHER CRIMES EVIDENCE

Evidence of criminal activity other than the offense charged is not extrinsic evidence if it is inextricably intertwined with the evidence of the charged offense. See United States v. Collins, 779 F.2d 1520 (11th Cir. 1986); United States v. Foster, 889 F.2d 1049 (11th Cir. 1989). Furthermore, Rule 404(b) of the Federal Rules of Evidence does not apply where the evidence concerns the context, motive, and set-up of the crime and is linked in time and circumstances with the charged crime or is necessary to complete the story of the crime to the jury. United States v. Chandler, 996 F.2d 1073 (11th Cir. 1993); United States v. Williford, 764 F.2d 1493 (11th Cir. 1985).

In the instant case, evidence of Manry's unexplained assets are inextricably intertwined with evidence of his drug trafficking. Indeed, the government expects to show evidence of drug trafficking and evidence establishing a lack of legitimate income. Based upon the law of this Circuit, the government should be able to present this evidence without invoking Rule 404(b). In the

alternative, the government incorporates by reference its Proffer of and Notice of Intent to Use 404(b) Evidence filed contemporaneously with this Honorable Court today.  In conclusion, the government expects Manry to allege that he did not traffic narcotics.  However, he was found in possession of over $1,200.00 in cash; narcotics were found in his car; and, there is evidence of no legitimate source of income.  According to established law, once the government has established these facts, a permissible inference of illicit activity has been established.

   Respectfully submitted this the 18th day of October, 2010.

                              LEURA G. CANARY
                              UNITED STATES ATTORNEY


                              */s/ Monica A. Stump*
                              MONICA A. STUMP
                              Assistant United States Attorney
                              131 Clayton Street
                              Montgomery, AL  36104-3429
                              Tel: (334) 223-7280
                              Fax: (334) 223-7135
                              Email: monica.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10-cr-145-MEF |
| | ) | |
| JOHN D. MANRY | ) | |

CERTIFICATE OF SERVICE

    I, Monica A. Stump, Assistant United States Attorney, hereby certify that on this 18th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Andrew Skier, Esq., counsel for Defendant John D. Manry.

Respectfully submitted,

*/s/ Monica A. Stump*
MONICA A. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7135
Email: monica.stump@usdoj.gov